SUMMARY ORDER

Thierno Mamoudou Diallo, a native and citizen of Guinea, seeks review of a March 28, 2008 order of the BIA affirming the March 7, 2006 decision of Immigration Judge (“IJ”) Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Thierno Mamoudou Diallo, No. A98 975 184 (B.I.A. Mar. 28, 2008), aff'g No. A98 975 184 (Immig. Ct. N.Y. City Mar. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opin *703 ion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect our ultimate conclusion. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency’s adverse credibility finding is supported by substantial evidence. For example, the agency properly based its finding on an inconsistency as to whether Diallo had been imprisoned for 6 weeks— as Diallo testified — or for two weeks — as his wife’s letter indicated. The agency did not err in rejecting Diallo’s explanation (that perhaps his wife had been mistaken) because a reasonable factfinder would not have been compelled to accept it. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005). Further, the agency did not err in relying on inconsistencies between Dial-lo’s testimony and his visa applications and tax returns. See 8 U.S.C. § 1252(b)(4)(B).
The agency also did not err in finding aspects of Diallo’s testimony implausible where such findings were “tethered to record evidence.” See Wensheng Yan v. Mu-kasey, 509 F.3d 63, 67 (2d Cir.2007). For example, the agency found implausible that Diallo had been in the U.S. for four years after he “fled for [his] life” from Guinea, but never applied for asylum and ultimately returned to Guinea without doing so. As a result, the agency’s adverse credibility finding was supported by substantial evidence, and the agency did not err in denying Diallo’s application for asylum. See Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Because the agency correctly determined that Diallo failed to meet his burden in establishing eligibility for asylum, its denial of his application for withholding of removal, which requires a higher burden of proof, was also proper. See Paul v. Gonzales, 444 F.3d 148,155-56 (2d Cir.2006).
We also find that the agency did not err in holding that Diallo failed to establish his eligibility for CAT relief. Aside from his own testimony, which lacked credibility, Diallo submitted only country conditions evidence demonstrating at most a generalized risk of torture in Guinea, which cannot alone satisfy his burden of demonstrating that he is more likely than not to be tortured if removed to that country. See Pierre v. Gonzales, 502 F.3d 109, 118-19 (2d Cir.2007); Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003). Therefore, the agency properly denied Diallo’s application for CAT relief.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, THE pending motion for a stay of removal in this petition is DISMISSED as moot.